```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERARD A. NELSON,              :    CONSOLIDATED UNDER
                               :    MDL 875
     Plaintiff,                :
                               :
     v.                        :
                               :
A-C PRODUCT LIABILITY TRUST,   :
et al.,                        :
                               :    E.D. Pa. Civil Action No.
     Defendants.               :    2:11-cv-30555-ER
```

**O R D E R**

**AND NOW**, this **29th** day of **September, 2015**, upon consideration of the Motions for Summary Judgment (Judicial Estoppel) of Thompson Hine Shipowner Defendants'[1] (ECF No. 107), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motions are **DENIED in part** and **DENIED without prejudice in part**, as follows:

(1) The motions are **DENIED** as to the arguments related to judicial estoppel; and

(2) The motions are **DENIED without prejudice** as to the arguments related to the real party in interest/standing.

---

[1] These Defendants are: (1) Exxon Company, USA, (2) Mobil Oil Corporation, and (3) Seariver Maritime, Inc. (ECF No. 107-1.)

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and file said copy on the docket of Plaintiff's bankruptcy case in the Bankruptcy Court for the Northern District of Florida (No. 00-bk-42135-LMK); (b) ascertain the identity of the trustee; and (c) serve a copy of said order and memorandum upon the trustee at his/her last known address;

(2) The trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and (b) certifying his/her intention to be substituted as party-plaintiff in the instant case;

(3) Once the trustee has petitioned the Bankruptcy Court to reopen the bankruptcy proceedings, and until a motion for substitution as party-plaintiff has been filed by the trustee, he/she is to file a monthly status update with this

        Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen, and (b) certifying his/her continuing intention to pursue the instant case;

(4) If the bankruptcy proceedings are reopened, the trustee will have thirty (30) days from the date of the bankruptcy court's order reopening those proceedings to move in the instant case to be substituted as party-plaintiff;

(5) In the event that the trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and intends to proceed with the instant claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be substituted as party-plaintiff in the instant case within thirty days of the Bankruptcy Court's reopening of the bankruptcy case: the Court will

give Plaintiff an additional thirty (30) days[2] to provide this Court with notice that it intends to petition the Bankruptcy Court for the Northern District of Florida to reopen the bankruptcy proceedings and move in that court to compel abandonment of the instant claims.

**AND IT IS SO ORDERED.**

<u>s/ Eduardo C. Robreno</u>
**EDUARDO C. ROBRENO, J.**

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).